IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Dayna A Allen,            )
                          )
          Plaintiff,      )
                          )
     v.                   )   No. 14 C 9362
                          )
City of Des Plaines, et   )
al.,                      )
                          )
          Defendants.     )
                          )

MEMORANDUM OPINION AND ORDER

In this action, plaintiff asserts claims against the City of Des Plaines and four of its police officers arising out of her arrest following an altercation in a suburban McDonald's drive-through. Although her complaint does not state separate counts or identify the legal theories on which she proceeds (nor must it to comply with federal pleading standards), plaintiff does not dispute defendants' characterization of her currently pending claims as proceeding under 42 U.S.C. § 1983 and claiming injury due to excessive force; failure to provide medical attention; false arrest; and failure to intervene.[1] Before me is defendants' motion for partial summary judgment, which seeks resolution of plaintiff's false arrest and failure to provide

---

[1] Plaintiff's complaint contains additional federal and state claims, but I dismissed those on April 21, 2015. *See* DN 16.

medical attention claims.  For the reasons that follow, I grant the motion.

I.

The events leading up to plaintiff's arrest can be summarized, at a high level of generality, as follows: In the early morning hours of November 23, 2012, plaintiff drove into a McDonald's drive-through in Des Plaines, Illinois and placed a food order. Dissatisfied with what she received, plaintiff waited at the pick-up window and refused to move her car while McDonald's employees tried to resolve her complaint. The manager on duty called the Des Plaines police, which dispatched officers to the scene, informing them that plaintiff was causing a disturbance by throwing food and refusing to leave. Upon their arrival, the officers spoke to plaintiff and to McDonald's employees. Plaintiff still refused to move her car and refused to comply with the officers' orders that she get out of the car. Officers then got into the car and tried physically to get her out. When that was unsuccessful, they tased her repeatedly. Plaintiff ultimately got out of the car with the officers' help and was arrested for disorderly conduct and resisting a peace offer. Plaintiff was taken from the McDonald's to the police station, and from there to the hospital, where she refused treatment.

A more detailed account of the facts—undisputed or otherwise—is somewhat difficult, given counsel's general non-compliance with the requirement under L.R. 56.1 "to set forth and respond to concise factual statements, and to identify the specific portions of the record that support their assertions." *Grabianski v. Bally Total Fitness Holding Corp.*, 169 F. Supp. 3d 785, 788 (N.D. Ill. 2015). As I have observed on multiple occasions, "the purpose of L.R. 56.1...is to assist courts in determining which facts are material and genuinely in dispute." *Id.* (citing cases). Where, as here, attorneys pepper their factual statements with argument, and respond to opposing counsel's statements with lengthy narratives that "recharacterize, rather than respond to, the asserted facts," *Wiegel v. Stork Craft Mfg., Inc.*, 946 F. Supp. 2d 804, 810 (N.D. Ill. 2013), their L.R. 56.1 statements encumber, rather than streamline, the court's task.[2]

---

[2] For example, in ¶ 22 of their factual statements, defendants state: "In order to obtain Allen's compliance, Allen was eventually tased by Officers Kerfman and Harrison. (Harrison Dep. 168; Kerfman Dep. 138). Allen was warned that if she did not comply with the officers' direction to exit her vehicle she would be tased. (Allen Dep. 69). After Allen was tased, she complied and exited her car. (Allen Dep. 87; Harrison Dep. 208). Allen was able to physically exit the car on her own with some assistance from the officers. (Allen Dep. 87). She was also able to walk on her own into the police car for transport to the police department. (Allen Dep. 93). Plaintiff admitted she did not ask for medical attention at the McDonald's. (Allen Dep. 93-94)." While this statement includes multiple assertions, they can be reduced to a short set of discernable facts: plaintiff was tased; plaintiff was warned before being tased; plaintiff

Fortunately, defendants' motion can be resolved without the need to untangle fully the web of the parties' competing L.R. 56.1 statements. Indeed, the two claims at issue—false arrest and failure to provide medical care—can be decided with reference to a relatively small subset of facts that I conclude, based on my own review of the record, are not genuinely in dispute.

II.

---

was able to exit the car with assistance after being tased; plaintiff was able to walk to the police car without assistance; plaintiff admitted that she did not ask for medical attention at the McDonald's. Yet, rather than respond to these facts, plaintiff embarks on a two-and-a-half page exposition touching on the different modes in which tasers can be used; how "best" to apply a taser in the "drive stun mode"; how much pain tasers cause; the number of times the officers tased her; where on her body she was tased; the content of the officers' "Discharge of Weapon" reports; and the officers' history of taser training and use, among other topics. Pl.'s L.R. 56.1 Resp. at ¶ 22, DN 68 at 12-15. The only sentence in plaintiff's response that responds directly to any of the asserted facts is the last one, which states: "Finally, Allen never 'admitted that she did not ask her (sic) medical attention at the McDonald's" on pages 93-94 of her deposition. (Ex. 16., pp. 93-94)." On this point, plaintiff is correct; she made no such admission on the cited pages. Instead, plaintiff responded to questions about "anything else" she said to the officers while at the scene, and her response omits any mention of a request for medical assistance. Had defendants simply formulated their factual statement as, "plaintiff did not ask for medical assistance at the McDonald's," plaintiff would have been put to her proof on this question. Instead, defendants asserted a different and apparently irrelevant fact about what plaintiff "admitted," which plaintiff appropriately disputed as unsupported by the cited evidence. The result of all of this is that the parties' submissions provide no clear answer to whether the relevant facts are genuinely disputed.

4

Summary judgment is appropriate when the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). With respect to her false arrest claim, plaintiff may proceed to trial only if she can show that a jury could reasonably conclude, based on the facts as construed in her favor, that probable cause for her arrest was lacking. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007) (absence of probable cause is an "essential predicate to any § 1983 claim for unlawful arrest) (citation omitted). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152, 160 L.Ed.2d 537 (2004).

Because probable cause exists "whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred," courts "need only evaluate the information brought to the arresting officer's attention and assess whether the officer reasonably trusted that information at the time." *Maniscalco v. Simon*, 712 F.3d 1139, 1143 (7th Cir. 2013). That the information may later turn out to be untrue is irrelevant. *Id*. While the existence of probable cause is usually a question for the jury, it can be resolved at summary judgment when the facts bearing on the inquiry are

5

undisputed. *Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 714 (7th Cir. 2013).

"A person commits disorderly conduct as defined by Illinois law if he 'act[s] in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace.'" *Maniscalco*, 712 F.3d at 1144 (citing 720 Ill. Comp. Stat. 5/26-1). In addition, physical resistance to the lawful order of a peace officer constitutes a violation of 720 ILCS 5/31-1 (resisting or obstructing a peace officer). *Ryan v. County of DuPage*, 45 F.3d 1090, 1093 (7th Cir. 1995).

Defendants argue that the undisputed facts establish that the officers had probable cause to arrest plaintiff for disorderly conduct and for resisting or obstructing a peace officer. I agree. Plaintiff herself states that "Officer Kerfman was told that Allen was causing a disturbance, throwing food and refusing to leave," that Officer Anderson "was told that there was a disturbance at McDonald's where a subject would not leave the drive-thru," and that Officer Harrison "was told that there was a lady that would not move from the drive-thru and there were patrons suck behind her waiting to get their food." Pl.'s L.R. 56.1 Resp. at ¶ 11. Indeed, the dispatch transcript reflects that the dispatcher stated, "looks like a disorderly conduct...there's going to be an issue with a customer at the drive-thru...looks like, maybe, she's not moving. She's got a

bunch of other people behind her." *Id.*; Def.'s L.R. 56.1 Stmt., Exh. 2 (dispatch transcript).

The information provided by the dispatcher was confirmed when the officers reached the scene and observed plaintiff's car stopped at the drive-through window with other cars behind her. Def.'s L.R. 56.1 Stmt. at ¶ 15. It was further confirmed by the statements of Juana Sandoval, the McDonald's employee who had called 911, and who, as plaintiff concedes, told Officer Harrison that plaintiff "was causing her problems and wouldn't move and that she tried to throw food at her," Def.'s L.R. 56.1 Stmt., Exh. 5 at 129:5-8; told Officer Anderson that plaintiff "wo[uld]n't leave the drive-thru," Def'.s L.R. 56.1 Stmt., Exh. 4 at 98:13-14; and told Officer Hernandez that after "becoming very upset," plaintiff had thrown food at her and another employee, and that the employees were scared by her conduct. Def.'s L.R. 56.1 Stmt., Exh. 6 at 67:5-8, 11-12. Officer Hernandez also observed physical evidence that was consistent with these statements: French fries on the ground between plaintiff's vehicle and the drive-through window. *Id*. at 69:10-13, 121:17-19.

In addition, there is no genuine dispute that although each of the officers asked plaintiff multiple times to move her car forward to allow other customers access to the drive-through, plaintiff refused. Pl.'s Resp. to Def.'s L.R. 56.1 Stmt. at

¶¶ 14, 17.[3] Plaintiff also acknowledges that Officer Anderson "believed she was intoxicated because she was being loud and unreasonable." Pl.'s Resp. to Def.'s L.R. 56.1 Stmt. at ¶ 18.

These facts amply support probable cause for plaintiffs' arrest. Plaintiff argues that factual disputes must be resolved to determine whether probable cause existed, but the only factual dispute she identifies relates to whether other cars were behind her during the time she refused to move her car away from the drive-through window. But plaintiff's evidence that there were none--which consists of her own testimony that she did not "notice" any other cars; the officers' inability to recall the make, model, or color of the cars they observed; and the fact that her order was the last one taken by the McDonald's employee whose shift was ending around that time--does not controvert the officers' and Sandoval's affirmative statements

---

[3] Defendants assert that "each of the four police officers asked Allen several times to move her car forward away from the drive-thru window....Each officer specifically asked Allen at different times to move her car." Plaintiff responds: "Admit that the testimony is accurately cited. Officer Anderson claims he asked Allen to move her car ten times in fifteen seconds." DN 68 at ¶ 14. Defendants also state, "Allen did not comply with the officers' directions and repeated requests to move her car," *id*. at ¶ 17, to which plaintiff responds with a lengthy narrative that does not controvert defendants' assertion. Accordingly, I deem these facts admitted, notwithstanding plaintiff's statement elsewhere that the officers "never asked her to move her car forward out of the drive-thru lane." *Id*. at ¶ 42. *See Hudgens v. Wexler and Wexler*, 391 F. Supp. 2d 634, 637 (N.D. Ill. 2005) (any L.R. 56.1 statement not controverted by the statement of the opposing party may be deemed admitted). At all events, there is no dispute that plaintiff refused to move her vehicle either before or after the officers' arrival.

that other cars were indeed behind plaintiff. Moreover, the transcript of Sandoval's 911 call, which reflects that the 911 operator heard honking in the background, support defendants' account of the facts.[4] And while plaintiff disputes that she ever raised her voice, swore, or threw food, she does not dispute that Sandoval told the 911 operator and the officers that plaintiff had done so, or that Officer Hernandez saw physical evidence corroborating Sandoval's account.

Plaintiff further argues that probable cause must be tried to a jury because there is no evidence that she verbally nor physically threatened the officers. But such threats are not required to establish either disorderly conduct or resisting or obstructing a peace office. Accordingly, their absence does not reasonably suggest that probable cause to arrest her for these offenses was lacking. When considered in light of the record as a whole, I conclude that that the facts known to the officers at the time of the arrest, which included plaintiff's admittedly "loud and unreasonable" behavior, Sandoval's statement and corroborating physical evidence that plaintiff threw her food at McDonald's employees, and plaintiff's undisputed refusal to

---

[4] The transcript reads: "Female caller: 'Because, she's in our driveway. And, she doesn't let us take the other money from our customers, and the customers are leaving behind her. She's in our first booth, where we take the money and everything. Dispatcher: Oh. Is that all of them honking? Female Caller: Yeah. They're honking they're – well, some customers left already.'" Def.'s L.R. 56.1 Stmt., Exh. 2 at 3-4.

comply with the officers' simple and objectively reasonable request that she move her car to an area where she would not obstruct operation of the drive-through, are sufficient as a matter of law to justify the officers' conclusion that probable cause existed for her arrest.[5] *See Maniscalco*, 712 F.3d at 1144; *Ryan* 45 F.3d at 1093 (7th Cir. 1995).

Turning briefly to plaintiff's claim for failure to provide medical care, which she clarifies in her opposition is asserted under the Fourth Amendment, I likewise conclude that the evidence is insufficient to withstand summary judgment. Under the Fourth Amendment, plaintiff must prove that defendants' failure to provide medical attention was "objectively unreasonable under the circumstances." *Williams*, 509 F.3d at 403 (explaining the lower standard that applies to such claims under the Fourth Amendment, as compared to the "deliberate indifference" standard under Eighth and Fourteenth Amendments). The evidence here does not reasonably support that conclusion.

Plaintiff does not dispute that she was taken by ambulance from the police station to the hospital for evaluation. She likewise acknowledges that she refused treatment at the

---

[5] I emphasize that because my conclusion rests on plaintiff's failure to comply with the officers' request to move her car, I need not resolve any factual dispute as to whether plaintiff could physically have exited her vehicle while stopped at the drive-through window and while one of the officers was in the passenger seat.

hospital, and told hospital personal that she did not "request to come here." Def.'s L.R. 56.1 Stmt. at ¶¶ 24-25. Plaintiff's theory seems to be that defendants violated her right to medical care by taking her first to the police station and then to the hospital, rather than directly to the hospital from the McDonald's. But even assuming that a jury could find that this delay was "objectively unreasonable," it could not rationally conclude that plaintiff was injured by it, given that plaintiff refused treatment once she ultimately got to the hospital. Nor is plaintiff's theory supported by the cases she cites, *Rosen v. King*, 913 F. Supp. 2d 666 (S.D. Ind. 2012) and *Lewis v. Tazewell County*, 2013 WL 869949 (C.D. Ill. Mar. 7, 2013), both of which involved cases in which the plaintiff requested, but was denied, medical treatment.

III.

For the foregoing reasons, defendants' motion for partial summary judgment is granted.

**ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: March 20, 2017